KTF:DJM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ARREST WARRANT |
| - against - | |
| JOHN MICHAEL GUTIERREZ, | (18 U.S.C. § 2252(a)(2)) |
| Defendant. | No. 25-MJ-274 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

JACQUELYN MURPHY, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

In or about and between June 2025 and July 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN MICHAEL GUTIERREZ did knowingly receive and distribute any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in and affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

(Title 18, United States Code, Section 2252(a)(2))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since February 2025. I am assigned to the Child Exploitation Investigations Group at the Special Agent in Charge Office in New York. During my tenure with HSI, I have participated in the investigation of cases involving crimes against children. Specifically, I have experience investigating cases involving the sexual exploitation of minors and the production, receipt, distribution, and possession of child pornography, also referred to as child sexual abuse material ("CSAM").[2] I have conducted physical surveillance, executed search warrants, reviewed and analyzed electronic devices, and interviewed suspects and witnesses. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in child exploitation crimes to conceal their actions from detection by law enforcement.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The term "child pornography" is defined as set forth in 18 U.S.C. § 2256(8), which, in pertinent part, states that "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. . . ." 18 U.S.C. § 2256(8); see also Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (analyzing constitutional validity of the definitions set forth in 18 U.S.C. § 2256(8)).

2

Exchange of CSAM by GUTIERREZ

       3.      As described below, the defendant JOHN MICHAEL GUTIERREZ has engaged in the exchange of CSAM on the internet.

       4.      On or about June 25, 2025, an undercover agent joined a Telegram group titled "never home." This group contained CSAM files. The "never home" group also contained a sub-group titled, "boy videos." The sub-group contained CSAM related to minor males.

       5.      An individual with the username "jamesking13" posted ten video files to the sub-group in or about June 2025. The bio section for the "jamesking13" account stated "NYC Astoria." The video files contained CSAM and descriptions for three out of the ten video files are described below:

       (1)     A video depicting a prepubescent male anally penetrating another prepubescent male. Subsequently, the prepubescent male provides oral sex to the other prepubescent male. This video file is one minute and thirty-five seconds in length;

       (2)     A video depicting an adult male anally penetrating a toddler with his penis. This video is fifty-nine seconds in length; and

       (3)     A video depicting an adult male anally penetrating a prepubescent male with his penis. This video is one minute and fourteen seconds in length.

       6.      On or about June 25, 2025, an undercover agent joined a Telegram group titled "amigos," which contained CSAM files. An individual with the username "jamesking13" posted six videos to the group in or about June 2025. The videos contained CSAM. Three of the videos are described below:

(1) A video depicting an adult male providing oral sex to a male toddler drinking from a baby bottle. The video is forty-four seconds in length;

(2) A video depicting an adult male anally penetrating a prepubescent male. Subsequently, the adult male forces his penis into the prepubescent male's mouth. In addition, an adult male can be seen masturbating on FaceTime in the top right-hand corner of the video. This video is two minutes and thirty seconds in length; and

(3) A video depicting an adult male masturbating and licking a minor male's anus while in a vehicle. This video is thirty-three seconds in length.

7. On or about July 3, 2025, HSI sent a subpoena to Telegram regarding the user "jamesking13." The subpoena return indicated that the user is tied to a telephone number ending in -5335 (the "-5335 Number"). Records from AT&T Corporation for the -5335 Number further noted that the account was tied to a Gmail address containing the handle "johnnymgutierrez" since on or about February 27, 2019.

8. On or about August 8, 2025, law enforcement officers conducted an interview with the defendant JOHN MICHAEL GUTIERREZ at his residence in Queens, New York (the "SUBJECT PREMISES"). During the interview, GUTIERREZ confirmed, among other things, that he had resided at the SUBJECT PREMISES for the past three months. GUTIERREZ also confirmed that his phone number was the -5335 Number and provided the "johnnymgutierrez" Gmail account as one of his email addresses. The photographs depicted in the Telegram account "jamesking13" appear to match GUTIERREZ.

Discovery of CSAM on GUTIERREZ's Devices at the SUBJECT PREMISES

9. On or about September 12, 2025, the Honorable Seth D. Eichenholtz, United States Magistrate Judge for the Eastern District of New York, signed a warrant to search the SUBJECT PREMISES (the "Warrant").

10. On or about September 16, 2025, I, along with other members of HSI, executed the Warrant. GUTIERREZ was present at the time the Warrant was executed. Electronic devices within GUTIERREZ's possession were seized pursuant to the Warrant, and a subsequent search revealed the presence of CSAM.

11. Among other items, three electronic devices belonging to GUTIERREZ were recovered from the SUBJECT PREMISES – (1) one MacBook, (2) one Samsung Galaxy S24, and (3) two flash drives. While the review of the data on the devices is still ongoing, to date, I have identified what appears to be thousands of images and videos of CSAM, including videos received via Telegram as recently as in or about July 2025. The review of the Samsung Galaxy S24 recovered from the SUBJECT PREMISES also revealed that the call number for this device is the -5335 Number. A Telegram account with the username "jamesking13productions" was also identified on the Samsung Galaxy S24.

12. After being given <u>Miranda</u> warnings and agreeing to waive his <u>Miranda</u> rights, the defendant JOHN MICHAEL GUTIERREZ provided a voluntary statement to law enforcement officers. When law enforcement officers began discussing GUTIERREZ's social media accounts and noted that materials with CSAM would be flagged on those accounts, GUTIERREZ stated, in sum and substance, that he "received" and "forwarded" this type of material on Telegram in the past. After reading the definition of CSAM to him, GUTIERREZ confirmed that this was the type of material he had exchanged and acknowledged that individuals depicted therein were underage. He also stated, in sum and substance, that he had deleted his previous Telegram account.

WHEREFORE, your deponent respectfully requests that an arrest warrant issue so that the defendant JOHN MICHAEL GUTIERREZ can be dealt with according to law.

_____
JACQUELYN MURPHY
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
16th day of September, 2025

S/ Robert Levy
_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK